9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles M. KEENAN, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, OSCI, Respondent-Appellee.
 No. 93-35341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Keenan, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. Keenan was convicted, following a plea of no contest, for murder. He contends that (1) the state destroyed exculpatory evidence, (2) he was denied the right to represent himself pro se, and (3) he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review de novo. See Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 Brady Violation
 
 3
 Due process requires the prosecution to disclose exculpatory evidence to the accused. Brady v. Maryland, 373 U.S. 83, 87 (1963). In cases where evidence is unavailable because it has been destroyed by the prosecution, the defendant's due process rights have been violated only if the exculpatory value of the evidence was apparent before it was destroyed, and the evidence is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." United States v. Barton, 995 F.2d 931, 934 (9th Cir.1993) (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)), petition for cert. filed (U.S. Sept. 27, 1993) (No. 93-6132).
 
 
 4
 Here, Keenan claims that the prosecution violated his due process rights by destroying the victim's pants. Keenan was charged with aggravated murder: murder committed in the course of a robbery. Keenan contends that the pants were exculpatory because they contained coins, indicating that Keenan did not in fact rob the victim, and thus was not guilty of aggravated murder. However, assuming arguendo that the coins meet the definition of exculpatory evidence, Keenan has not shown that he would be unable to obtain comparable evidence that coins were present in the victim's pants. See Barton, 995 F.2d at 934. Indeed, Keenan concedes in his brief that the medical examiner could have testified to this fact. Furthermore, the government has offered a good faith reason for destroying the evidence: the pants were infested with lice. See id. (defendant must show that evidence was destroyed in bad faith to establish a due process violation). Accordingly, Keenan has not shown a violation of his due process rights. See id.; Brady, 373 U.S. at 87.
 
 Right to Self-Representation
 
 5
 A defendant in state criminal proceedings has the right to forego the assistance of counsel and represent himself. Savage v. Estelle, 924 F.2d 1459, 1461 (9th Cir.), cert. denied, 111 S.Ct. 2900 (1991); Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990) (citing Faretta v. California, 422 U.S. 806, 807 (1975)). However, appointment of standby or advisory counsel, even over the defendant's objection, does not violate the defendant's right to represent himself. McKaskle v. Wiggins, 465 U.S. 168, 184 (1984); Savage, 924 F.2d at 1462.
 
 
 6
 Here, Keenan was initially appointed two attorneys to represent him. They were dismissed at his request. Keenan later sought counsel again, and the court appointed two additional attorneys as advisory counsel. Prior to trial, Keenan sought to have the advisory counsel dismissed, and the court refused the request. In a letter denying Keenan's motion for reconsideration, the court stated: "How [the attorneys'] services are utilized is a matter between you and your attorneys." Keenan later proposed several plea agreements through his attorneys, and eventually entered a plea pursuant to a plea agreement negotiated by his attorneys.
 
 
 7
 The court clearly explained that Keenan could determine the role played by his attorneys in the proceedings. In these circumstances, failure to dismiss the attorneys is analogous to appointing advisory counsel over the defendant's objection, and thus did not violate Keenan's right to self-representation. See McKaskle, 465 U.S. at 184; Savage, 924 F.2d at 1462. Furthermore, in a post-conviction hearing on this issue, the state court explicitly found that the trial court imposed no requirements on Keenan regarding his use of the advice and services of counsel. We presume this factual finding to be correct, and thus reject Keenan's claim that he was denied the right to represent himself. See 28 U.S.C. § 2254(d).
 
 Ineffective Assistance of Counsel
 
 8
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts fall outside the wide range of competence allowed attorneys in criminal cases. See id.; Iaea, 800 F.2d at 864. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.
 
 
 9
 Keenan contends that his attorneys were ineffective because they misrepresented the judge's likely response to the plea agreement. Keenan asked his attorneys to secure a plea agreement by which both the prosecution and the judge would agree not to make a negative recommendation to the parole board. His attorneys presented such a plea agreement to the prosecutor, who refused to agree to the "no recommendation" condition. The plea agreement which eventually led to Keenan's no contest plea contained no such condition. Keenan argues that he went along with the plea agreement only because his attorneys told him that the judge was unlikely to make a negative recommendation to the parole board, and that their advice was incorrect.
 
 
 10
 Keenan's attorneys may have been incorrect in predicting that the judge was unlikely to correspond with the parole board, but we cannot say that this predictive error, in light of all the circumstances, is outside the wide range of competence demanded of criminal attorneys. See Strickland, 466 U.S. at 690; Iaea, 800 F.2d at 864. The prosecution would not agree to Keenan's proposed conditions; counsel's attempts to secure a favorable plea agreement despite this area of disagreement cannot be deemed ineffective assistance. Keenan testified at his deposition that he understood that the conditions he wanted were not included in the plea agreement, and that the judge was not bound by the plea agreement. Keenan thus cannot show that he would have insisted on going to trial had he known that the judge might make a negative recommendation; his testimony shows that he was aware of that possibility when he agreed to the plea arrangement. See Hill, 474 U.S. at 59. Accordingly, Keenan has not shown that he received ineffective assistance of counsel. See Strickland, 466 U.S. at 687; Iaea, 800 F.2d at 864.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3