29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Leonard ORR, Defendant-Appellant.
 No. 92-10681.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1994.
Decided July 21, 1994.
 
 1
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 John Orr appeals his jury conviction and the restitution order imposed as part of his sentence for three counts of arson, in violation of 18 U.S.C. Sec. 844(i). We affirm, but strike part of the judgment.
 
 I. Evidence of the Arson Fire in Atascadero
 
 4
 Over Orr's objection, the trial court allowed the government to introduce evidence of a March 9, 1989, arson fire at the Pacific Home Improvement store in Atascadero.
 
 
 5
 The district court decided to admit the government's evidence about the Atascadero arson fire because of its similarity to the Tulare/Bakersfield fires and because Orr was in the vicinity of Atascadero at the time the fire was set. Fed.R.Evid. 404(b). The problem with the court's decision was that the government failed to introduce sufficient evidence to support a finding that Orr set the Atascadero fire. United States v. Robertson, 15 F.3d 862, 869-70 (9th Cir.1994); see Huddleston v. United States, 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988).
 
 
 6
 The district court employed the following logic to reach its decision to admit the Atascadero fire evidence. The Atascadero and Bakersfield/Tulare fires were set by arsonists with the same modus operandi. Therefore, the conclusion that Orr set the Bakersfield/Tulare fires is supported to some degree by the fact that he set the Atascadero fire. We know he set the Atascadero fire because it is so similar to the Bakersfield/Tulare fires. The problem with this logic is that it is somewhat backwards. The evidence of the crimes charged against him was used to show that he committed the crime not charged against him.
 
 
 7
 The record does not support the inference that Orr set the Atascadero fire. He was in the vicinity of Atascadero when the fire was set, but that in itself does not suggest that he set the fire. Without evidence that Orr set the Atascadero fire, the fact that it was set does not tend to prove anything about whether Orr set the Bakersfield/Tulare fires, which were the subject of the indictment against him. See Arizona v. Elmer, 21 F.3d 331, 335-36 (9th Cir.1994) It was an abuse of discretion for the court to admit evidence of that fire under Fed.R.Evid. 404(b).
 
 
 8
 Although it was error to admit evidence of the Atascadero fire, the error was harmless. The government did refer to the Atascadero fire twice during closing argument and went into some detail on the subject. See Robertson, 15 F.3d at 870; cf. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989). Nonetheless, it was not a critical part of the case, the admissible evidence at trial was very strong on the question of Orr's guilt, and it is highly unlikely that the jury's verdict would have been any different if the Atascadero fire evidence had not been admitted. In light of the overall strength of the evidence against Orr and the weakness of the Atascadero fire evidence, we hold that the district court's error in admitting the Atascadero fire evidence was harmless. It did not affect the verdict. See Robertson, 15 F.3d at 870; United States v. Bradley, 5 F.3d 1317, 1322 (9th Cir.1993).
 
 
 9
 II. Evidence of the Contents of the Black Bag
 
 
 10
 At the time of Orr's arrest, police found a black bag in the back seat of his car. The bag contained rubber bands, matches, a pack of cigarettes, and two cigarette lighters. Orr argued that evidence of the contents of the black bag should have been excluded under Fed.R.Evid. 403 because its probative value was substantially outweighed by the danger of unfair prejudice.
 
 
 11
 Orr was found to possess all of the component parts of the incendiary devices allegedly used to set the arson fires that he stood accused of setting. Moreover, he kept them all together in his car. That had great probative value. By contrast, it appears to create little risk of unfair prejudice. Orr's possession of the component parts of a common incendiary device is not the sort of non-probative evidence that tends to provoke an emotional response in the jury. Cf. Bradley, 5 F.3d at 1320-21; United States v. Gillespie, 852 F.2d 475, 478-79 (9th Cir.1988). The evidence was harmful to Orr's case, but that is no reason to exclude it under Rule 403. United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988). Furthermore, the fact that the bag was recovered five years after the charged fires were set may affect the weight of the evidence, but it does not render it too remote in time from the charged conduct to be admissible under rule 404(b). Cf. United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990), cert. dismissed, --- U.S. ----, 113 S.Ct. 486, 121 L.Ed.2d 324 (1992); United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989), cert. denied, 494 U.S. 1083, 110 S.Ct. 1818, 108 L.Ed.2d 947 (1990); United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989), cert. denied, 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). The district court did not abuse its discretion by admitting the black bag evidence. See United States v. Bailleaux, 685 F.2d 1105, 1111-12 (9th Cir.1982).
 
 III. The Manuscript and the Letters
 
 12
 The key to the government's case was the manuscript of Orr's unpublished book "Points of Origin." The book details a series of arson fires set by a firefighter from southern California. The government successfully argued to the jury that the book is autobiographical. Orr argues that the district court abused its discretion by denying his motion to exclude the manuscript under Fed.R.Evid. 403. In a separate prosecution for similar arson fires set in the Central District of California, this court reversed the district court's decision to exclude the manuscript under Rule 403. United States v. Orr, No. 92-50235, slip op. (9th Cir. Oct. 14, 1992) (unpublished memorandum disposition) (Orr I ).
 
 
 13
 The government argues that collateral estoppel bars Orr from relitigating the issue of the manuscript's admissability in this case. We disagree. The Central District prosecution dealt with other fires. Furthermore, it is far from clear that the Bakersfield/Tulare fire issues were "fully litigated" in the Central District prosecution, and we cannot assume that they must have been. See United States v. Schwartz, 785 F.2d 673, 681 (9th Cir.), cert. denied, 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986); United States v. Hernandez, 572 F.2d 218, 220 (9th Cir.1978).
 
 
 14
 Unfortunately for Orr, however, it is clear that the manuscript was admissible in this prosecution as well. The similarities that were noted in Orr I between the arsonist in the book and Orr and between the arson fires in the book and the charged ones are also apparent here. The manuscript was highly probative of modus operandi and of the identity of the arsonist. The government also makes a strong argument that Orr could not have known as much as he did about these fires, which he was not investigating, without having set them himself. Furthermore, the descriptions in the manuscript relate only to "the established facts and legal propositions in the case." Bowen, 857 F.2d at 1341. The evidence had no significant collateral aspects capable of generating unfair prejudice against Orr and any possibility of misuse by the jury was far outweighed by its probative value.
 
 
 15
 The same analysis is applicable to a series of letters that Orr wrote to his literary agent and to several publishers to whom he was peddling the manuscript. The letters were probative of Orr's knowledge of the charged fires and, thus, of his identity as the arsonist. Like the manuscript, the letters introduce no real possibility of unfair prejudice arising from non-probative aspects of admitted evidence. The district court's decision to admit them was not an abuse of discretion.
 
 IV. Destruction of Evidence
 
 16
 Orr claims that the discarding of a cigarette butt used in setting one of the fires violated his due process rights. We disagree. When it was discarded, five years before Orr's prosecution, it was not at all apparent that it possessed any exculpatory or inculpatory value whatever. Moreover, no bad faith was shown. See United States v. Barton, 995 F.2d 931, 933-34 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 413, 126 L.Ed.2d 359 (1993); Arizona v. Youngblood, 488 U.S. 51, 57-58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); California v. Trombetta, 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984).
 
 V. Sufficiency of the Evidence
 
 17
 Orr challenges the district court's denial of his motion for a judgment of acquittal. Fed.R.Crim.P. 29. However when we view the evidence in the light most favorable to the prosecution, as we must, the evidence presented at trial was more than sufficient to support the jury's decision that Orr set the three Bakersfield/Tulare fires.
 
 
 18
 Orr argues that the Craftmart fire in Bakersfield must be reviewed separately under Mikes v. Borg, 947 F.2d 353 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992), because he was convicted of that charge on the basis of fingerprint evidence alone. The Craftmart fire was not a "fingerprint-only" prosecution. The government presented significant other evidence. Thus, Mikes is distinguishable, and the Craftmart fire requires no separate analysis. See United States v. Luna, 21 F.3d 874, 884 n. 8 (9th Cir.1994).
 
 
 19
 Orr also challenges the sufficiency of the government's proof of the chain of custody of the yellow paper bearing his fingerprint that was recovered at the Craftmart fire. But the government presented sufficient evidence to enable a reasonable juror to decide that the evidence was "in substantially the same condition" as it was when it was seized. United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991). Moreover, the mere possibility of a break in the chain of custody "goes only to the weight of the evidence." Id.
 
 VI. The Restitution Order
 
 20
 Orr contends that the restitution order must be overturned because the district court failed to make the required factual finding that he was able to pay the amount ordered. Because he did not raise this issue in the district court, we will not decide it for the first time on appeal. See United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993).
 
 
 21
 Orr argues that we should decide the issue because it is a new issue raised by a change in the law during the pendency of this appeal. See id. We disagree. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993) did not create a new rule that a restitution order is only to be made if there is some evidence that the defendant will be able to pay the restitution at some time. Neither United States v. Jackson, 982 F.2d 1279, 1284 (9th Cir.1992), nor United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992), stands for the proposition that there need be no evidence of ability to pay; and, as we said in United States v. Bachsian, 4 F.3d 796, 800 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 901, 127 L.Ed.2d 92 (1994), Ramilo was a reaffirmation of existing law.
 
 
 22
 If Orr had objections to the district court's restitution order, it was his obligation to raise them at sentencing. His failure to do so waives the issues on appeal. United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992). As a result, we will not consider Orr's objections to the oral restitution order.
 
 
 23
 However, the written order included a term that was not part of the oral pronouncement--a requirement "that any proceeds realized from the commercialization by defendant of defendant's book 'Points of Origin' or any other book, movie or television screenplay of the same or similar subject matter, shall be applied to the balance of the restitution owed." We have often held that where the written judgment and the oral pronouncement differ in substance, the latter must control. See, e.g., United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993); Payne v. Madigan, 274 F.2d 702, 704 (9th Cir.1960), aff'd mem. by an equally divided court, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961). The requirement that all proceeds of certain literary works must be committed to the payment of restitution is substantially different from a general restitution order. It must, therefore, be stricken from the written judgment. Of course, in striking it we do not intend to isolate those proceeds from the effect of the general order. Rather, they are to be treated like any other income available to Orr.
 
 
 24
 The judgment of November 6, 1992 is MODIFIED by striking the language quoted in the preceding paragraph and is otherwise
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3