**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John Tommy VERA, Defendant—**
**Appellant.**

No. 02–30087.
D.C. No. CR 00–0309 BR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2003.

Decided March 3, 2003.

Before WALLACE, TROTT, and TASHIMA, *Circuit Judges.*

MEMORANDUM *

Defendant John Vera appeals the district court's denial of his pretrial motion to

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

dismiss the indictment based on pre-indictment delay and destruction of potentially exculpatory evidence. Vera also contends that the court erred in calculating his base offense level and in refusing to depart downward. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vera first contends that his conviction for possession of ephedrine with knowledge it would be used to manufacture methamphetamine violated his due process rights because the government recklessly destroyed potentially exculpatory evidence that "could have assisted [him] in presenting a defense" to the original charge of manufacturing methamphetamine. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Grisby v. Blodgett,* 130 F.3d 365, 371 (9th Cir.1997) (quoting *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)).

■ An officer does not act in bad faith unless he or she acts with the purpose of depriving the defendant of the potentially exculpatory evidence. *United States v. Barton,* 995 F.2d 931, 935–36 (9th Cir. 1993). Although the property officer may have acted negligently or even recklessly in destroying the chemical samples, there is no evidence that the officer acted in bad faith by deliberately destroying the evidence to deprive Vera of access to relevant evidence. *Id.* (holding that, at most, officers acted negligently in destroying marijuana plants). The district court therefore did not err in denying defendant's motion to dismiss.

Next, Vera claims that the government's delay in filing charges against him resulted in the loss of the potentially exculpatory chemical samples. To prevail on a pre-indictment delay claim, Vera must show that he suffered "actual, non-speculative prejudice from the delay." *United States v. Sherlock,* 962 F.2d 1349, 1353 (9th Cir. 1989). Because "[a] simple allegation that testimony was lost is not enough," *United States v. Gilbert,* 266 F.3d 1180, 1187 (9th Cir.2001), and because the exculpatory value of the chemical samples is entirely speculative, Vera's claim is insufficient.

Vera also contends that the destruction of evidence deprived him of a downward departure at sentencing. He claims that if he had been able to analyze the destroyed samples to show a lack of connection between the two residences, the district court would not have relied on the "enormity" of the offense in declining to depart downward. However, because Vera's sentence was not "imposed in violation of law," 18 U.S.C. § 3742(a)(1), this court lacks authority to review Vera's claim. *United States v. Ruiz,* 241 F.3d 1157, 1161–62 (9th Cir.2001), *rev'd on other grounds,* 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). Further, any contention that the court simply abused its discretion fails, as this court has no jurisdiction to review a trial court's discretionary refusal to depart downward. *Id.*

■ Finally, the government concedes that the district court erred in calculating Vera's base offense level. The court held Vera responsible for 292.5 grams of methamphetamine, even though Vera pleaded guilty to illegal possession of 292.5 grams of *ephedrine,* which is capable of yielding only 145 actual grams of methamphetamine. Thus, all other factors remaining the same, this reduction in drug quantity would result in reducing the sentencing range from 210–262 month to 168–210 months.

of this circuit except as provided by Ninth Cir. R. 36–3.

Although the mistake is plain, remand is unnecessary because the "error did not affect the district court's selection of the sentence imposed." *See United States v. Mendoza*, 121 F.3d 510, 513–14 (9th Cir. 1997) (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)). After Vera obtained a favorable plea agreement, the district court exercised its discretion and refused to depart downward, imposing the statutory maximum of 48 months. Because correction of the error would not alter the statutory maximum, or the sentence, remand is not required.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.