**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10361 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00227-LJO-1 |
| v. | |
| VELVET RENARD LEGRANDE III, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 12, 2010[**]
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Velvet Renard LeGrande III appeals the district court's denial of his motion

to dismiss based on the government's failure to preserve evidence. Our review is

de novo. *See United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

presume the parties' familiarity with the facts and do not repeat them here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Even assuming the destroyed evidence in this case was potentially exculpatory, there was comparable evidence to support LeGrande's contentions that he and the victim were friends, that nothing unusual occurred outside the housing unit prior to the assault and that LeGrande was not visibly carrying a weapon at that time. *See Cooper*, 983 F.2d at 931 (evidence destruction does not violate due process if the defendant can "obtain comparable evidence") (quotation marks omitted). In particular, the victim testified that LeGrande would have had no reason to assault him and Investigator Zaragoza testified that "nothing unusual . . . happened" in the video footage that was destroyed.

Further, the video was overwritten in accordance with prison policy and LeGrande presented no evidence that the footage was deliberately destroyed in order to further the government's case. *See United States v. Estrada*, 453 F.3d 1208, 1212-13 (9th Cir. 2006) (no bad faith absent the government's "malicious intent"); *United States v. Barton*, 995 F.2d 931, 936 (9th Cir. 1993) (no bad faith where nothing suggested officers deliberately destroyed evidence for tactical gain); *United States v. Heffington*, 952 F.2d 275, 281 (9th Cir. 1991) (holding that

2

governmental compliance with "departmental procedure" supports finding that the government did not act in bad faith) (internal quotation marks omitted).

**AFFIRMED.**

3