**UNITED STATES of America, Appellee,**

**v.**

**Pierre MATHURIN, Defendant–Appellant.**

**Docket Nos. 97–1041(L) thru 97–1061.**

United States Court of Appeals,
Second Circuit.

June 3, 1998.

Robert B. Buehler, Assistant United States Attorney, New York City, (Mary Jo White, United States Attorney for the Southern District of New York, Ira M. Feinberg, Assistant United States Attorney, New York City, on the brief), for Appellee.

Bobbi C. Sternheim, New York City, for Defendant–Appellant.

Before: MESKILL and KEARSE, Circuit Judges, and TELESCA, District Judge *.

PER CURIAM:

Defendant Pierre Mathurin appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before Loretta A. Preska, *Judge*, convicting him of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (1994), and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 812, 841 (1994), and sentencing him principally to 210 months' imprisonment, to be followed by a three-year term of supervised release. On

* Honorable Michael A. Telesca, of the United States District Court for the Western District of New York, sitting by designation.

appeal, Mathurin contends that the district court erred in failing to hold an evidentiary hearing to determine whether his postarrest statements were the result of a valid waiver of his constitutional rights. For the reasons below, we conclude that a hearing should have been held, and we remand for such a hearing.

Mathurin was arrested in February 1996 and charged with trafficking in controlled substances that are available only by prescription. Prior to trial, he moved, *inter alia*, to suppress postarrest statements attributed to him. In support of the motion, he eventually submitted his affidavit stating, to the extent pertinent here, "I was never given my Miranda warnings. . . . I never voluntarily waived my right to counsel." Mathurin requested an evidentiary hearing.

The district court denied the motion to suppress without conducting an evidentiary hearing. The court stated that "[a] hearing is not required if the defendant's statements are general, conclusory or based on conjecture" (Hearing Transcript, June 26, 1996, at 24 (internal quotation marks omitted)), and that "[w]here, as here, the motion papers fail to specifically . . . raise any issue of fact that could lead to the suppression of evidence, it is within the Court's discretion to deny the motion without holding a hearing" (*id.* at 24–25). The court concluded that Mathurin's "statements merely that I was never given my Miranda warnings, and I never voluntarily waived my right to counsel, are not sufficiently specific or detailed to require a hearing." (*Id.* at 25). We disagree with this ruling.

■ The Fifth Amendment protects against compelled self-incrimination. It is well settled that before a suspect may properly be subjected to custodial interrogation, he must be informed that he has the right to remain silent, that any statement he makes may be used in evidence against him, and that he has the right to have counsel present. *See, e.g., Miranda v. Arizona,* 384 U.S. 436, 467–71, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). "Failure to administer *Miranda* warnings creates a presumption of compulsion," and that "presumption . . . [is] irrebuttable for purposes of the prosecution's case in chief." *Oregon v. Elstad,* 470 U.S. 298, 307, 105 S.Ct.

1285, 84 L.Ed.2d 222 (1985). Thus, "unwarned statements that are otherwise voluntary within the meaning of the Fifth Amendment must nevertheless be excluded from evidence under *Miranda*." *Oregon v. Elstad,* 470 U.S. at 307, 105 S.Ct. 1285.

■ A defendant's assertion in haec verba that "*Miranda* warnings" were not given to him is of course shorthand; but as a way of alleging that he was not informed of the right to remain silent, or the right to counsel, or that his statements could be used against him, it is neither vague, nor obscure, nor unspecific. And although the assertion that warnings were not given is conclusory, any statement that a specific event did not occur will normally be conclusory, *see generally Kamen v. AT & T Co.,* 791 F.2d 1006, 1015 n. 1 (2d Cir.1986) (Kearse, J., dissenting), since it is ordinarily impossible to state all of the facts that show that an event never occurred. Indeed, an attempt to give a detailed recitation of what did happen, without a conclusory denial, may well leave a negative pregnant.

An assertion that *Miranda* warnings were not given, when the government asserts the contrary, thus creates a specific factual dispute. That dispute cannot properly be resolved without an evidentiary hearing. And if the government fails to prove that the warnings were given, *see, e.g., Colorado v. Connelly,* 479 U.S. 157, 168–69, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (burden of proving that such warnings were given is on the government), that failure requires the suppression of the postarrest statements for use in the government's case in chief.

There are of course other grounds for suppression that depend not on the occurrence of discrete observable acts but on the characterization of a set of circumstances, such as the existence of probable cause for arrest or the voluntariness of a statement, as to which a conclusory statement is not sufficient to require a hearing. A bald assertion that a statement was involuntary, for example, could be based on any of a number of factual premises such as coercion, lack of *Miranda* warnings, or lack of competence. Without specification of the factual basis for such a characterization, the district court is not required to have a hearing. In denying a hearing in the present case, the district court cited several cases, *e.g., United States v.*

*Pena,* 961 F.2d 333 (2d Cir.1992); *United States v. Warren,* 453 F.2d 738 (2d Cir.), *cert. denied,* 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972); *United States v. Viscioso,* 711 F.Supp. 740 (S.D.N.Y.1989); and *United States v. Castellano,* 610 F.Supp. 1359 (S.D.N.Y.1985). None of the cases denied a hearing on the issue of whether *Miranda* warnings had been given; insofar as they denied hearings, they dealt principally with more complex issues such as the existence of probable cause, the extent of a search, or whether certain evidence was testimonial in nature. Indeed, in *Castellano,* although a hearing was denied on a defendant's motion to suppress for lack of probable cause, a hearing was granted on his motion to suppress postarrest statements on the basis of his affidavit asserting that "Miranda warnings were not administered to me" and that he was unaware of his rights. *United States v. Castellano,* 610 F.Supp. at 1440. The government in the present matter, while citing additional cases involving more complex issues as to which no hearing was required, has not called to our attention any case holding that no evidentiary hearing is required where a defendant flatly asserts that no *Miranda* warnings were given to him and the government contends that such warnings were given, and we are not aware of any such case.

In sum, although conclusory, Mathurin's statement that he was never given *Miranda* warnings was sufficiently factual and specific to require an evidentiary hearing, and we remand for such a hearing. We note that there have been two trials in this matter, at which law enforcement agents have testified extensively with respect to the giving of such warnings; Mathurin did not testify at either trial. The parties are free to stipulate to the use or incorporation of the pertinent trial testimony to constitute or supplement the record of the required hearing. In the absence of stipulation, the usual rules governing the use of prior testimony would of course apply.

Following the evidentiary hearing, the district court should determine whether or not *Miranda* warnings were given. If the court determines that such warnings were given and that Mathurin voluntarily waived his *Miranda* rights, *see, e.g., Colorado v. Connelly,*

479 U.S. at 169–70, 107 S.Ct. 515, the court should deny the motion to suppress. If the district court denies the motion to suppress, Mathurin may file a new notice of appeal from that decision. If the district court determines that the government failed to prove that *Miranda* warnings were given, it should suppress Mathurin's postarrest statements that resulted from custodial interrogation. If the court suppresses those statements, finds that their admission was not harmless, and orders a new trial, that ruling would be subject to an immediate appeal by the government pursuant to 18 U.S.C. § 3731 (1994); until the resolution of such an appeal or until the government's time to appeal has expired, the judgment of conviction shall remain in place. In the event that the court grants the motion to suppress but does not order a new trial, the present appeal will be reinstated, without need for a new notice of appeal, upon notice by either party to this Court by letter that the district court has so ruled. The record on appeal shall be supplemented with the record of the proceedings and rulings on remand. Any such new or reinstated appeal shall be referred to this panel.

The matter is remanded for further proceedings in accordance with the foregoing. The mandate shall issue forthwith.