**UNITED STATES of America,**
**Appellee,**

v.

**Kelvin JELKS, Defendant–Appellant,**

No. 01–1587.

United States Court of Appeals,
Second Circuit.

Aug. 20, 2003.

Mark D. Hosken, Assistant Federal Public Defender for the Western District of New York (Jay S. Ovsiovitch), Rochester, NY, for Appellant, of counsel.

Everardo A. Rodriguez, Assistant United States Attorney for the Western Dis-

trict of New York (Michael A. Battle, United States Attorney, on the brief), United States Attorney's Office, Rochester, NY, for Appellee.

Present: MINER, CABRANES, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 6, 2001 judgment of said District Court be and hereby is **AFFIRMED.**

This case is before us a second time, following a remand to the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) for supplementation of the record. *See generally United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994) (holding that remands for supplementation of the record are permissible).

Pursuant to the *Jacobson* remand, the District Court was ordered to conduct

additional factfinding and reconsideration of whether Le'Tasha Jelks' consent was voluntary. *See, e.g., United States v. Mathurin,* 148 F.3d 68 (2d Cir.1998) (*per curiam*) (remanding case to district court for additional fact-finding without vacating defendant-appellant's conviction). The district court should consider the totality of the circumstances surrounding Ms. Jelks' consent, taking into account whether Mooney's representation of her authority to search Defendant–Appellant's residence was incorrect or misleading and, if so, whether Ms. Jelks' consent was nonetheless voluntary. We express no view on this issue. We note that while Mooney told Ms. Jelks that parole officers could search a parolee's residence "any time [they] felt that there was a need to do so," the parole manual requires that officers have "an articulable reason for conducting the search that is reasonably related

to the circumstances of the particular case and rationally related to the officer's duty to supervise the releasee."

The district court should also consider the factors delineated in *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In particular, the district court should consider Le'Tasha Jelks' subjective understanding of the circumstances and of her ability to withhold consent, based upon considerations such as her age and education, as well as the fact that she had given birth four days prior to the search. Moreover, the district court should consider the objective circumstances surrounding the encounter, *viz.,* the fact that three parole officers confronted Ms. Jelks in her home at night, and the parole officers' actions in obtaining Ms. Jelks' consent.

Finally, the district court should consider the significance *vel non* of the parole manual. We note that whether the search could be justified as a parole search, as well as the district court's finding that Mooney had no reasonable suspicion to believe that Defendant–Appellant was in violation of the terms of his parole, are not on appeal. However, we do not foreclose the district court from reconsidering any issues it deems relevant.

*United States v. Jelks,* 53 Fed.Appx. 601, 603, 2003 WL 56215, at *2–*3 (2d Cir. Jan. 3, 2003) (unpublished summary order). The District Court thereafter entered supplemental findings of fact and concluded that "the government has established by a preponderance of evidence that Ms. Jelks' consent was not the product of any type of physical or psychological coercion, but was, rather, in all respects voluntary." *United States v. Jelks,* 273 F.Supp. 280, 292, No. 00–CR–6152 CJS, 2003 WL 21729790, slip op. at 21 (W.D.N.Y. July 2, 2003).

488

We have reviewed the District Court's thorough supplemental findings on the issue of whether Le'Tasha Jelks voluntarily consented to the search of defendant's room in her apartment. Under *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), "whether a consent to a search was in fact 'voluntary' ... is a question of fact to be determined from the totality of all the circumstances." We review the District Court's findings on this issue for clear error, *see United States v. Puglisi,* 790 F.2d 240, 243 (2d Cir.1986), and finding no error, much less clear error, we affirm the Court's findings and now **AFFIRM** the judgment of the District Court entered on November 6, 2001.