**UNITED STATES of America,**

v.

**Josue BEDELL, Defendant.**

**No. 03 CR 0407(ADS)(ETB).**

United States District Court,
E.D. New York.

Feb. 20, 2004.

Roslynn R. Mauskopf, United States Attorney by Lara Treinis–Gatz, Assistant United States Attorney, Central Islip, NY, for United States of America.

Edward P. Jenks, Esq., Mineola, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Having previously been convicted of a crime punishable by imprisonment exceeding one year, on February 27, 2003, the Government filed an indictment against Josue Bedell ("Bedell" or the "defendant") on one count of violating 18 U.S.C. § 922(g)(1) for possessing a firearm. Pending before the Court is a motion by Bedell to suppress a gun recovered from his room and to suppress statements allegedly made by him under custodial interrogation. In the alternative, the defendant requests a hearing to determine whether the physical evidence and statements should be suppressed.

## I. BACKGROUND

Bedell alleges the following facts in support of the instant motion. The defendant states that he was a tenant in a room on the second floor of 83 Heston Road, Shirley, New York ("Heston Location"). The defendant claims that the Heston Location is a rooming house and that he was the sole tenant and occupant of his room. Bedell contends that his room was not a common area and that no other person had authority to enter or allow entry to the room.

According to Bedell, on February 11, 2003, officers of the Suffolk County Police Department entered the Heston Location to arrest him on a charge of criminal contempt in the first degree under New York State law. He claims that the officers forcibly entered his room without knocking on his door or announcing their identity or purpose. The defendant states that he did not consent to their entry. Upon entering his room, the arresting officers recovered a .380 caliber semiautomatic pistol on the floor.

After his arrest, the defendant states that he was taken to the 7th Precinct in Suffolk County. Bedell contends that he was never advised of his *Miranda* rights before being interrogated. In addition, the defendant contends that he never made the statements attributed to him.

In its opposition papers, the Government alleges that on February 10, 2003, the defendant's girlfriend, Jamie Harris ("Harris"), filed a complaint against Bedell at the 7th Precinct, alleging that earlier that day the defendant had assaulted her in violation of an Order of Protection issued on January 28, 2003, by the Honorable John Kelly, of the Suffolk District Court. On the next day, February 11, 2003, the Government states that Detectives John Clark and David Winter of the Suffolk County Police Department went to the Heston Location to arrest him for assaulting Harris and violating the Order of Protection.

The Government alleges that Detective Clark had arrested the defendant at his home and was aware that the Heston Location was a rooming house and that the defendant was renting a room on the second floor. According to the Government, when the detectives arrived at the Heston Location, they knocked on the front door of the rooming house, at which time an individual residing at the Heston Location

answered the door and gave the detectives permission to enter and look for the defendant. The Government alleges that the detectives went to the room in which they knew Bedell resided, and knocked on his door. The Government further alleges that Bedell opened the door to his room, at which point the detectives asked him to step out of his room, which he did.

The Government states that the detectives placed handcuffs on the defendant and instructed him not to move. The Government further states that the barefoot defendant told the detectives he needed to get his boots from his room. The Government asserts that the detectives did not allow Bedell to get his boots, but shined a flashlight into the room to look for the defendant's shoes. According to the Government, the detectives observed, in plain view, a handgun on the floor of the room near the defendant's shoes. The Government states that they discovered later that the gun was defaced. The Government contends that the detectives recovered the gun which was located approximately six to eight feet from the door. Thereafter, the defendant was transported to the 7th Precinct.

The Government further contends that at the precinct, the defendant was orally advised of his *Miranda* warnings, and waived his right to remain silent. According to the Government, Bedell told the detectives, in substance, that the gun was not hidden because he was asleep before the detectives had arrived and that he needed the gun because people were after him.

## II.  DISCUSSION

### A.  The Defendant's Motion to Suppress the Gun

■ The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. This amendment encompasses the common law requirement that a police officer entering a premise knock and announce his identity and purpose before forcible entry. *Wilson v. Arkansas*, 514 U.S. 927, 934, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). The "knock and announce" rule extends to police officers entering a tenant's room in a rooming house, as privacy expectations are high . . . even in private rooms." *Anobile v. Pelligrino*, 303 F.3d 107, 119 (2d Cir.2002). Evidence seized during a search may be suppressed if this rule is violated. *See United States v. Burke*, 517 F.2d 377, 386 n. 13 (2d Cir.1975). However, exceptions to this "knock and announce" rule exist "under circumstances presenting a threat of physical violence" or "where police officers have reason to believe that evidence would likely to be destroyed if advance notice were given." *Id.* at 936, 115 S.Ct. 1914.

An evidentiary hearing on a motion to suppress "ordinarily is required if the moving papers are sufficiently definite, specific, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir.1992) (citations and quotations omitted). A defendant seeking to suppress evidence bears the burden of showing the existence of disputed issues of material fact. *See Pena*, 961 F.2d at 338.

Here, Bedell states that the arresting officers forcibly entered his room without knocking on the door and announcing their identity or purpose. The defendant states that he never consented to their entry of his room. As such, he contends that the gun must be suppressed due to the arresting officers' violation of the "knock and

announce" rule. Bedell asserts that the arresting officers did not possess a "no knock" warrant, nor did exigent circumstances exist that would excuse the officers' noncompliance. On the other hand, the Government contends that the detectives did knock on his door. In addition, the Government asserts that the defendant opened the door and voluntarily stepped into the hallway at the detectives' request and that he was arrested in the common hallway.

Based on the dispute of these material facts, the Court cannot decide Bedell's motion to suppress the gun without an evidentiary hearing. Accordingly, the motion is respectfully referred to United States Magistrate Judge E. Thomas Boyle to conduct a suppression hearing with regard to this issue at her earliest convenience.

## B. The Defendant's Motion to Suppress the Post–Arrest Statements

"[T]he coercion inherent in custodial interrogation blurs the line between voluntary and involuntary statements." *Dickerson v. United States,* 530 U.S. 428, 435, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). To prevent such coercion and to safeguard a suspect's privilege against self incrimination, law enforcement officers must provide a suspect with *Miranda* warnings prior to conducting a custodial interrogation. *See id.; United States v. Ramirez,* 79 F.3d 298, 304 (2d Cir.), *cert. denied,* 519 U.S. 850, 117 S.Ct. 140, 136 L.Ed.2d 87 (1996). Interrogation "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

The Second Circuit has held that a defendant's bare assertion that he did not receive his *Miranda* warnings prior to being interrogated, when the Government asserts the contrary, creates a sufficient factual dispute to justify an evidentiary hearing. *United States v. Mathurin,* 148 F.3d 68, 69 (2d Cir.1998). In this case, because Bedell unambiguously states that his *Miranda* rights were not read to him before being interrogated, the Court finds that a hearing is warranted to make the necessary factual findings. As such, the Court will defer its decision until after the determination of the statement suppression hearing.

## III. CONCLUSION

Having reviewed the submissions of the parties, and having given them an opportunity for oral argument, it is hereby

**ORDERED,** that Bedell's motion to suppress the gun is **DEFERRED**, pending the outcome of the suppression hearing; and it is further

**ORDERED,** that Bedell's motion to suppress his post-arrest statements is **DEFERRED**, pending the outcome of the suppression hearing; and it further

**ORDERED,** that Bedell's motion to suppress the gun and his post-arrest statements is respectfully referred to United States Magistrate Judge E. Thomas Boyle to conduct a suppression hearing regarding the seizure of the gun and his alleged postarrest statements at her earliest convenience and to report to this Court.

**SO ORDERED.**