UNITED STATES of America

v.

**Richard NELSON, Defendant.**

**No. 04 CR 21(VM).**

United States District Court, S.D. New York.

Sept. 15, 2004.

Sarah Y. Lai, U.S. Attorney's Office, New York City, for Plaintiff.

Barry Turner, Barry Turner, Esq., New York City, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Richard Nelson ("Nelson") was indicted for being a felon in possession of two firearms, in violation of 18 U.S.C. § 922(g)(1), after a federal agent and other law enforcement officers found two guns in his apartment. Nelson has filed a Motion to Suppress Evidence pursuant to Fed. R.Crim.P. 12. For the following reasons, his motion is denied.

On or about October 9, 2003, a special agent of the Drug Enforcement Administration (the "DEA Agent") received information from a confidential source that the first floor apartment at 1351 Noble Avenue, Bronx, New York (the "Apartment"), might contain narcotics. Based on this information, the DEA Agent, a New York City Police Department officer (the "NYPD Officer"), and other law enforcement officers went to the Apartment. The woman who answered the door, Gloria Madden ("Madden"), allowed the officers to enter the Apartment while she retrieved her passport. Nelson also lived at the Apartment and was present when the officers arrived.

Inside the Apartment, Madden agreed to let the officers search the Apartment, and she signed a consent-to-search form. To ensure safety during the search, the NYPD Officer asked Nelson if there was anything in the Apartment that could be harmful to the officers. Nelson responded that he had a gun in a dresser in his bedroom. After recovering that gun, the NYPD Officer asked if there was anything else in the Apartment that could be harmful, and Nelson told him about another gun in the same dresser, which the NYPD Officer then recovered.

Nelson argues that neither he nor Madden gave the officers permission to search the Apartment, and thus all evidence seized from the Apartment should be suppressed.

█ To meet the burden of sufficient facts to require the suppression of evidence, a defendant must present his claim through an affidavit of an individual with personal knowledge of the relevant facts. *See United States v. Gillette*, 383 F.2d 843, 848–49 (2d Cir.1967); *United States v. Viscioso*, 711 F.Supp. 740, 745 (S.D.N.Y.1989). The affidavit must show "that disputed issues of material fact exist before an evidentiary hearing is required." *Viscioso*, 711 F.Supp. at 745 (citing *United States v. Caruso*, 684 F.Supp. 84, 87 (S.D.N.Y.

1988)). Thus, Nelson is not entitled to an evidentiary hearing unless he offers an affidavit from an individual with personal knowledge of the relevant facts demonstrating that disputed issues of material fact exist.

■ The affidavit filed by Nelson's attorney is insufficient to trigger an evidentiary hearing. *See Gillette*, 383 F.2d at 848 (attorney's affidavit that does not allege personal knowledge of the disputed facts is inadequate to warrant a suppression hearing).

■ In addition, the affidavit only contends that "[n]either Gloria Madden nor [Nelson] gave the police permission or authority to search [their] apartment." *See* Affidavit of Richard Nelson dated July 8, 2004 ("Nelson Aff."). However, a search is different from an entry, and the Fourth Amendment does not apply to entry with the consent of an inhabitant. *See Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) (noting that the Fourth Amendment prohibition against warrantless entry of a home "does not apply ... to situations in which voluntary consent has been obtained ... from the individual whose property is searched"). Because Madden signed a consent-to-search form and allowed the officers entry to the Apartment, the evidence cannot be suppressed on Fourth Amendment grounds.

■ Furthermore, the claims in defense counsel's affidavit that officers threatened to arrest Madden if she did not sign a consent-to-search are legally insufficient because defense counsel has no personal knowledge of the facts of this case. *See Gillette*, 383 F.2d at 848–49.

As Nelson does not squarely controvert the consent given by Madden to search the Apartment, his motion to suppress the evidence seized from the Apartment is denied.

**SO ORDERED.**