**UNITED STATES of America,**
**Appellee,**

v.

**Richard A. NELSON, Defendant–**
**Appellant.**

**No. 05–3315–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 10, 2006.

United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Barry S. Turner, New York, NY, for Defendant–Appellant.

Present: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Following a jury trial, defendant-appellant Richard A. Nelson was convicted of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g), and sentenced to, *inter alia,* 37 months' incarceration. Prior to trial, the district court denied, without a hearing, Nelson's motion to suppress the firearms recovered from his apartment and his statements to a detective regarding those firearms. *United States v. Nelson,* 335 F.Supp.2d 477 (S.D.N.Y.2004). On appeal, Nelson challenges the district court's denial of his suppression motion, the Government's failure to disclose certain information prior to the district court's decision on the suppression motion, and two of the district court's evidentiary rulings at trial.

We review the district court's denial of a defendant's request for a suppression hearing for abuse of discretion. *United States v. Finley,* 245 F.3d 199, 203 (2d Cir.2001). A suppression hearing "ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena,* 961 F.2d 333, 339 (2d Cir.1992) (internal quotation marks and citation omitted).

Vincent Tortorella, Assistant United States Attorney (Harry Sandick, Assistant

■ Here, Nelson's sworn affidavit, in which he stated that neither he nor the other person in the apartment, Gloria Madden, "gave the police permission or authority to search our apartment," sufficed to put into question the Government's contention that investigators (who admittedly were authorized by neither a warrant nor exigent circumstances) had valid consent to search. This case is substantially similar to *United States v. Mathurin*, 148 F.3d 68 (2d Cir.1998) (per curiam), in which we found a district court to have abused its discretion in not granting an evidentiary hearing where a defendant simply stated that he never voluntarily waived his right to counsel. Nelson's statement, while brief, was "neither vague, nor obscure, nor unspecific" as to which fact he was contesting.[1] *Id.* at 69.

The Government argues that the guns were not recovered pursuant to the search, but rather pursuant to unrelated questioning of Nelson. It further argues that such questioning was legitimate, regardless of the validity of the search itself, and notwithstanding that Nelson was never informed of his right not to answer questions, *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966),

under the "public safety" exception to *Miranda*.[2] We reject this argument.

No evidence before the district court at the time of the suppression motion supported the Government's current theory that the search and questioning were discrete; indeed, what evidence was before the court directly contradicted it.[3] *See* Complaint ¶ 4(b) (questioning of Nelson was pursuant to officer's "efforts to ensure safety during the search"). We do not resolve, at present, the application of the public safety doctrine, which permits pre-*Miranda* warning questioning that is justified by an objectively reasonable need to protect law enforcement officers or the public from immediate danger, *see New York v. Quarles*, 467 U.S. 649, 657–69, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984); *United States v. Estrada*, 430 F.3d 606, 612 (2d Cir.2005); *United States v. Reyes*, 353 F.3d 148, 155 (2d Cir.2003). We observe that no case has interpreted this doctrine to permit such questioning during an unconstitutional search, nor do the meager facts in the complaint satisfy the standards we outlined in *Estrada* and *Reyes*. Our decision is without prejudice to the Government renewing its public safety exception argument on remand, after the full hearing and judicial fact-finding that ordi-

1. Because Nelson's own affidavit should have merited an evidentiary hearing, we do not reach the question of whether the district court also should have considered the far more detailed affidavit submitted by Nelson's counsel.

2. The Government also argues that *United States v. Deutsch*, 987 F.2d 878 (2d Cir.1993), established a rule that agents, once having validly entered a residence, are entitled to talk to suspects inside without regard to *Miranda*. However, in *Deutsch*, it was undisputed that agents properly administered the *Miranda* warnings—the only question was whether they had initially secured consent to enter the apartment—and so that case has no application here.

3. The Government argues that we can consider facts adduced only later, at trial, that suggest that the questioning was indeed discrete from the search. However, if we consider *all* the testimony adduced at trial—including Madden's testimony that the detectives forced their way into her apartment and searched it without her consent—then there can be no serious question that an evidentiary hearing is required. The Government implicitly asks us to consider only the later-adduced facts that support its position, while ignoring those that support Nelson's position. We decline to do so.

narily will be a prerequisite to the application of such a fact-specific doctrine. *Cf. United States v. Newton,* 369 F.3d 659, 663 (2d Cir.2004).

Nelson urges us to find that the disclosure requirements of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), apply to pre-trial suppression motions, and that the prosecution's failure to turn over certain material (including evidence that the police officer who questioned him, and presumably will testify and be subject to impeachment at the suppression hearing, lied about securing consent to search in another case) is an independent ground for remanding. Whether *Brady* and its progeny require disclosures in advance of pre-trial hearings is an open question in this circuit. In cases that pivot on the outcome of the suppression hearing, such as this one, it seems clear that postponing disclosure until after that hearing will prevent the defense from having key information "no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made." *United States v. Coppa,* 267 F.3d 132, 142 (2d Cir.2001); *see id.* at 145 n. 9 ("*Brady* disclosures must be made in sufficient time for their effective use."). On the other hand, as the Government observes, its obligation has been formulated as a requirement to disclose only that which "is material either to guilt or to punishment." *Brady,* 373 U.S. at 87, 83 S.Ct. 1194; *but see United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (*Brady* applies where defendant can show "a reasonable probability that, had the evidence been disclosed to the defense, the result of *the proceeding* would have been different") (emphasis added). The only two circuits to have faced the question squarely have determined that *Brady* does apply in this context. *See United States v. Barton,* 995 F.2d 931, 935 (9th Cir.1993); *Smith v. Black,* 904 F.2d 950, 965–66 (5th Cir.1990), *vacated on other grounds,* 503 U.S. 930, 112 S.Ct. 1463, 117 L.Ed.2d 609 (1992). Other circuits have expressed some doubts, albeit in dicta. *See United States v. Stott,* 245 F.3d 890, 902 (7th Cir.2001); *United States v. Bowie,* 198 F.3d 905, 912 (D.C.Cir.1999); *United States v. Williams,* 10 F.3d 1070, 1077 (4th Cir.1993). In light of our decision to remand for an evidentiary hearing, we decline to address this question, which will be mooted if the Government, in advance of the hearing, turns over any material not already given to the defense in advance of the trial that may bear on the outcome of the suppression hearing.

Finally, we turn to Nelson's appeals of the district court's evidentiary rulings. First, Nelson argues that the district court erred in permitting the jury to hear that the apartment was searched because of a tip that marijuana would be found there, and that marijuana was indeed found, notwithstanding that Nelson was not charged with any drug crime. We review the district court's decision to permit evidence before the jury for abuse of discretion, *see United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996), and we will not overturn a conviction because of an evidentiary error if we are convinced that the error was harmless. *See United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998).

▆ It appears that the district court first permitted this evidence as a way of allaying its concerns that jurors might well wonder why the police were in Nelson's apartment and keeping the jury focused on the only issue properly before it, *i.e.,* whether Nelson possessed the guns found in the apartment. Providing such background to expedite jury consideration of the truly contested issues is often permis-

sible, particularly where the background facts are not themselves controverted. *See, e.g., United States v. Daly,* 842 F.2d 1380, 1388 (2d Cir.1988). However, in this case, where the defense continued to maintain that the search was not lawful, permitting the prosecution to introduce evidence that the search *was* lawful had exactly the opposite effect: It spawned extensive argument over an entirely collateral issue, opening the door for Nelson to introduce his own, contradictory evidence regarding the search and then for the Government to rebut that evidence in turn. It is difficult to sort out which (if any) of this evidence ended up being "properly" admitted, and we decline to do so, because the evidence was overwhelming that Nelson did, in fact, possess the guns.[4] Moreover, to the extent that irrelevant and prejudicial evidence was improperly admitted, it favored Nelson as much as the Government.

■ Nelson also argues that he should have been permitted to further cross-examine Detective Rodriguez regarding the detective's disciplinary record. He does not specify how his cross-examination was improperly curtailed, and we see no abuse of discretion here. *Cf. United States v. Cruz,* 894 F.2d 41, 43 (2d Cir.1990).

Having considered all Nelson's other arguments and rejected them, we affirm his conviction and sentence, which shall remain in place until the district court conducts a suppression hearing. To expedite matters, the parties may stipulate to the use of any relevant testimony adduced at trial; otherwise, the usual rules governing the use of prior testimony will apply. *Mathurin,* 148 F.3d at 70. Should the district court find that the guns and/or Nelson's statements should have been suppressed and order a new trial, the Government

may take an immediate appeal from that ruling before the new trial is held. *Id.* Nelson, of course, is also free to take a new appeal limited to the suppression issue should his motion be denied on remand.

Accordingly, we **AFFIRM** the judgment of the district court in part and **VACATE** the judgment in part and remand this case for further proceedings consistent with this order.

---

4. Should either the guns or Nelson's statements telling the police precisely where to find them be suppressed on remand, the district court should reconsider this harmless error inquiry in the first instance before ordering a new trial.