*United States v. LaPorte*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> TIMOTHY C. STANCEU,
> > *Judge.*\*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No. 18-105

STACEY J. LAPORTE, JR.,

> *Defendant - Appellant*,

MACKENZIE J. BAILEY,

> *Defendant*.†

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

† The Clerk of Court is directed to amend the caption as above.

FOR APPELLANT:                                    James P. Egan, Assistant Federal Public
                                                   Defender, *for* Lisa A. Peebles, Federal
                                                   Public Defender for the Northern District
                                                   of New York, Syracuse, NY.

FOR APPELLEE:                                      Lisa M. Fletcher & Rajit S. Dosanjh,
                                                   Assistant United States Attorneys, *for*
                                                   Grant C. Jaquith, United States Attorney
                                                   for the Northern District of New York,
                                                   Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 10, 2018, is **AFFIRMED**.

Stacey LaPorte appeals from a judgment of the District Court entered after a jury convicted him of two counts of conspiracy to sexually exploit a child in violation of 18 U.S.C. § 2251(a), three counts of sexual exploitation of a child (or children) in violation of 18 U.S.C. § 2251(a), and one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The District Court sentenced him primarily to 95 years' imprisonment.

The evidence at trial included a statement and *Miranda* waiver signed by LaPorte on May 17, 2016 (the "Statement" and "Waiver"). In the statement, LaPorte admitted to conduct involving abuse of a minor that was not part of the federal charges against him. Before trial, LaPorte moved unsuccessfully to suppress the Statement and for an evidentiary hearing, arguing that he involuntarily gave the Statement and Waiver. On appeal, LaPorte argues that the District Court abused its discretion by not holding an evidentiary hearing on the motion. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's denial of a defendant's request for an evidentiary hearing on motions to suppress for abuse of discretion. *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001). The court must hold an evidentiary hearing, we have ruled, if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the [issue] are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (citation omitted). To compel a hearing, the movant's allegations must be "neither vague, nor obscure, nor unspecific." *United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998).

Before a criminal defendant's statement may be admitted into evidence, the government must establish the voluntariness of the statement and of any waiver of rights. As we have said elsewhere, "[t]he prosecution has the burden of establishing by a preponderance of the evidence that a suspect waived his *Miranda* rights, and that his confession is truly the product of free choice." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991). To be effective, a waiver of a defendant's *Miranda* rights must be both knowing and voluntary. *United States v. Plugh*, 648 F.3d 118, 127 (2d Cir. 2011).

In the Second Circuit, an analysis of a statement's voluntariness "requires an inquiry into all the circumstances surrounding the law enforcement officials' conduct to ascertain whether it overcame the accused's will to resist and brought about a confession that was not freely self-determined." *Campaneria v. Reid*, 891 F.2d 1014, 1019-20 (2d Cir. 1989). The district court should consider the totality of the circumstances, assessing such factors as "the accused's age, his lack of education or low intelligence, the failure to give *Miranda* warnings, the length of detention, the nature of the interrogation, and any use of physical punishment." *Campaneria*, 891 F.2d at 1020; *see also Mathurin*, 148 F.3d at 69 (An assertion of involuntariness "could be based on any of a number of factual premises such as coercion, lack of *Miranda* warnings, or lack of competence.").

LaPorte cites three circumstances described in his affidavit in support of the motion to suppress, which he argues demonstrate that the Statement and Waiver were not "freely self-determined," in the *Campaneria* formulation. First, LaPorte alleged that "[b]efore I was picked up by the police, I had been drinking alcohol and smoking marijuana." App'x 44.

3

This allegation goes to LaPorte's competence to give a voluntary statement. Second, LaPorte alleged that the investigator made threats, including that when LaPorte "asked what would happen if I asked for a lawyer[, the investigator] said he would make sure he brought a 'shit ton' more charges against me." *Id.* These allegations go to the nature of the interrogation. Third, LaPorte alleged that "[b]efore I was ever read my Miranda warnings the investigator started questioning me. . . . He talked to me for at least twenty minutes before he ever read me my rights." *Id.* LaPorte continued, "After I spoke to the investigator for a little while, he read me my Miranda warnings and then handcuffed me to a chair." *Id.* These allegations go to a potential failure by the investigator to give timely *Miranda* warnings.

The District Court reviewed these allegations and carefully discussed them before issuing the order denying the motion to suppress. We agree with the District Court that the allegations of intoxication were sufficiently vague so as not to merit a hearing. LaPorte did not allege in his affidavit that he was incapacitated when he gave the statement, only that he had been drinking and smoking marijuana at some point earlier. That is insufficient to require a hearing. The mere fact of having had alcohol and marijuana is insufficient to require a hearing where LaPorte did not allege that he was impaired.

Although the District Court did not discuss the alleged threats in any detail, we also conclude that the District Court did not abuse its discretion in deciding that these allegations did not require a hearing. LaPorte did not allege that he was forced to "choose between having an attorney present during questioning . . . or cooperating with the government," *Anderson*, 929 F.2d at 100 (internal citation omitted), as he argues on appeal.

Finally, we agree with the District Court that LaPorte failed to assert that he gave any incriminating statements before being read *Miranda* warnings. Nor did he assert that the pre-warning questions were improper questions about potentially incriminating matters, as opposed to name, address, and general pedigree information.

In circumstances such as these, holding a hearing is preferable to avoid doubt in resolving any lingering credibility issues. Nevertheless, we cannot say that, on these facts, the District Court abused its discretion by not conducting a hearing here.

4

\* \* \*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 10, 2018, is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court